UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN AZOR,

        Plaintiff,

    v.

NEW YORK CITY DEPARTMENT OF CORRECTIONS, OFFICER PELUSO, SHIELD # 10657, OFFICER LIGHTFOOT, SHIELD # 4937, OFFICER R. ANTHONY, SHIELD # 12032, OFFICER T. CHADBURN, SHIELD # 15419, CAPTAIN N. LANGFORD, SHIELD #1480,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 9, 2012

10 Civ. 2235 (PAC) (KNF)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

On March 15, 2010, pro se Plaintiff Jean Azor ("Azor") commenced this 42 U.S.C. § 1983 action alleging that the defendants violated his constitutional rights when they assaulted him on February 3, 2010, in the holding pen area on Rikers Island. (ECF No. 2.) On March 30, 2010, the Court referred the case to Magistrate Judge Kevin Nathaniel Fox. (ECF No. 5.) On March 27, 2012, Azor filed a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 52.) On May 30, 2012, Magistrate Judge Fox issued a Report and Recommendation that the Court deny Azor's motion for summary judgment. ("R&R," ECF No. 53.) For the reasons that follow, the Court adopts Magistrate Judge Fox's findings and recommendations and denies Azor's motion for summary judgment.

## BACKGROUND

**A.**    **Facts**[1]

Azor claims that the defendants violated his Eighth Amendment constitutional rights through the use of excessive force against him during an incident that occurred on February 3, 2010, while Azor was waiting for a parole hearing on Rikers Island. The incident occurred in a

---

[1] All facts are taken from the R&R unless otherwise indicated.

search pen at the Donald Cranston Judicial Center, and involved Azor and Corrections Officers Corey Lightfoot, Michael Peluso, and Robert Anthony. Following the incident, the Department of Corrections ("DOC") Investigations Division issued an investigation report about the incident ("DOC Report"). The report identified several, differing accounts of the incident at issue in statements submitted by Azor, the corrections officers involved, and two other inmates who witnessed the incident. The DOC Report concluded that no charges should be brought against the corrections officers and that the case be closed.

In his motion for summary judgment, Azor claims that the corrections officers violated DOC policy by placing him in a cell with gang members, which precipitated his resistance. Azor contends the corrections officers' response was disproportionate and in violation of his rights—notwithstanding the fact that two of the officers had to be hospitalized as a result of Azor's conduct.[2]

### B. Magistrate Judge Fox's R&R

On May 30, 2012, Magistrate Judge Fox issued an R&R recommending that Azor's motion for summary judgment be denied. (R&R at 8.) Magistrate Judge Fox found that the evidence submitted by Azor included different versions of the events that occurred on February 3, 2010, thereby creating a genuine dispute of material fact. (Id. at 7–8.)

Azor filed timely objections to the R&R on August 6, 2012. (ECF No. 57.) On September 18, 2012, Azor filed a motion for leave to file supplemental objections to the R&R. (ECF No. 58.) The Court has reviewed the R&R and Azor's objections.

---

[2] In September 2011, based on the incident underlying the claims at issue here, Azor was tried and found guilty of two counts of third-degree attempted assault and sentenced to 45 days for each count.

**DISCUSSION**

**I.    STANDARD OF REVIEW**

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection is made to the magistrate's recommendations, the Court is required to review the contested portions de novo. Id.; Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The Court "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Moreover, "[w]hen a party makes only conclusory or general objections . . . the Court will review the Report strictly for clear error. . . . Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citations omitted). While the Court is cognizant of Azor's pro se status and affords his summary judgment motion all requisite latitude, Azor's is "not exempt from the rules of procedural and substantive law." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 343 (S.D.N.Y. 2009) (quotation omitted).

**II.    PLAINTIFF'S OBJECTIONS**

On August 6, 2012, Azor filed objections to the R&R on the grounds that in response to Azor's late discovery request, Magistrate Judge Fox erred in granting only partial discovery and denying interrogatories as well as requests for electronically stored information. (ECF No. 57 at 1–2.) Azor contends that by granting only partial discovery prior to Azor filing a motion for summary judgment, Magistrate Judge Fox signaled to Defendants that there would be no need for them to respond to the merits of the motion. (Id. at 2.) Azor maintains, generally, that the

evidence included in his affirmation proves that there were no material facts in dispute, and he points out that Defendants did not file a response to his motion. (Id. at 1–2.)

Azor's objections are not timely with regards to discovery, and not specific to the R&R. Azor's objections therefore provide no basis for de novo review of any of the findings contained within the R&R. See Molefe, 602 F. Supp. 2d at 487. Azor's assertion "that there [were] no material facts in dispute, and he was entitled to judgment as a matter of law" (ECF No. 57 at 1–2), is a bald conclusion, entitled to no weight.

### III. ANALYSIS

Magistrate Judge Fox recommended that summary judgment be denied because there is a genuine dispute as to several facts material to Azor's claim. "Summary judgment may not be granted unless there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Island Software & Computer Serv. v. Microsoft Corp., 413 F.3d 257, 260 (2d Cir. 2005). While the moving party is not required to "support its motion with affidavits or other similar materials *negating* the opponent's claim," the moving party does bear the burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotation omitted); see Fed. R. Civ. P. 56(c)(1). In determining whether a genuine issue of material fact exists, "all justifiable inferences" are to be drawn in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Accordingly, summary judgment is inappropriate where "there is any evidence in the record from any source from which a reasonable inference could be drawn in favor of the non-moving party." St. Pierre v. Dyer, 208 F.3d 394, 404 (2d Cir. 2000).

Even a casual glance at the record in this matter establishes that there are multiple issues of fact, including who started the confrontation at Rikers Island, which are material to determining whether the officers were applying force "in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). The Court finds no clear error in Magistrate Judge Fox's analysis and recommendation that Azor's motion for summary judgment be denied.

### IV. AZOR'S SUPPLEMENTAL OBJECTIONS

On September 18, 2012, Azor filed a motion for leave to file supplemental objections. (ECF No. 58.) As the Court has previously granted Azor an extension to file objections to the R&R and warned Azor that "no further extensions will be granted" (ECF No. 55), the motion is denied. Even if the Court were to grant leave to file the supplemental objections, those objections are without merit. In his supplemental objections, Azor contends that Second Circuit precedent requires that summary judgment be granted because Defendants failed to oppose his motion. Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999), which Azor cites, does not control here, however, because the defendants in this case have not opposed the motion on the grounds that further discovery is necessary, as they did in Gurary.

A party opposing summary judgment must come forward with specific evidence where the moving party has met his initial burden of demonstrating the absence of a genuine issue of material fact. F.D.I.C. v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010). Here, however, Azor's version alone demonstrates there are substantial material factual questions that must be resolved. Considering that Azor's papers recount different versions of the events at issue, Magistrate Judge Fox was clearly correct to recommend that Azor's motion for summary judgment be denied.

Finally, Azor contends that Magistrate Judge Fox should not have conducted a review of the record to determine if there was a factual question. While Rule 56 does not obligate a court to perform an independent review of the record where a party does not adequately respond to a motion for summary judgment, see Amnesty Am. v. Town of W. Hartford, 288 F.3d 467, 470 (2d Cir. 2002), nothing prevents the Court from exercising its discretion to conduct such a review. Furthermore, the Court is dubious that the principle applies here because based solely upon review of Azor's motion papers, without conducting any independent review of the record, Magistrate Judge Fox correctly concluded that there are genuine disputes of material facts. Since Azor's motion for summary judgment is not facially meritorious, the defendants here were not obligated to produce evidence or affidavits in opposition.

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Magistrate Judge Fox's May 30, 2012 Report and Recommendation in its entirety. Accordingly, Azor's motion for summary judgment is DENIED. In addition, Azor's motion for leave to file supplemental objections is DENIED. The reference to Magistrate Judge Fox continues for further disposition of this matter.

Dated: New York, New York
       October 9, 2012

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies mailed to:

Jean Azor, 11A0564
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871-2000